RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5819-13T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JOHN HELLER,

 Defendant-Appellant.
________________________________________________

 Submitted February 7, 2017 – Decided August 10, 2017

 Before Judges Suter and Guadagno.

 On appeal from the Superior Court of New
 Jersey, Law Division, Union County,
 Indictment No. 06-04-0336.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (John Vincent Saykanic,
 Designated Counsel, on the brief).

 Grace H. Park, Acting Union County
 Prosecutor, attorney for respondent
 (Meredith L. Balo, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM
 In 2006, a grand jury sitting in Union County charged

defendant John Heller with aggravated sexual assault, N.J.S.A.

2C:14-2(a)(1) (count one); sexual assault, N.J.S.A. 2C:14-2(b)

(count two); and endangering the welfare of a child, N.J.S.A.

2C:24-4(a) (count three). The charges arose from the events of

July 1, 2005, when defendant sexually assaulted the six-year-old

daughter of an acquaintance while babysitting the child.

 Defendant was tried to a jury and convicted of all three

counts. Prior to sentencing, defendant dismissed his trial

counsel and retained new counsel who moved for judgment of

acquittal, or alternatively, for a new trial on the grounds that

defendant was incompetent to stand trial and had been denied the

effective assistance of counsel because his trial attorney had

failed to recognize his incompetence, investigate his mental

illness, and assert defenses of insanity and diminished

capacity. The motion was denied.

 At sentencing, the judge merged count two with count one

and sentenced defendant to twelve years subject to the No Early

Release Act, N.J.S.A. 2C:43-7.2. The judge imposed a concurrent

eight-year term on count three. Defendant was also sentenced to

mandatory parole supervision and community supervision for life,

to comply with Megan's Law requirements, and assessed

appropriate fines and penalties.

 2 A-5819-13T4
 Defendant appealed, claiming his trial counsel failed to

investigate or assert an insanity defense or a defense of mental

disease or defect; defendant was not competent to stand trial or

to testify on his own behalf; even if competent to stand trial,

defendant was not capable of making a knowing, intelligent, and

voluntary waiver of an insanity or diminished capacity defense;

the trial judge erred in admitting statements of the

child/victim; the jury selection was flawed; the State failed to

prove the element of penetration under count one; the trial

judge failed to distinguish digital penetration from touching;

the trial judge erred in refusing the jurors' request for the

written elements of the charges; and defendant should have

received a lesser sentence and a minimum term as the mitigating

factors substantially outweighed any aggravating factors.

 We rejected these arguments and affirmed defendant's

convictions and sentence. State v. Heller, No. A-4685-07 (App.

Div. Aug. 31, 2010). Defendant's petition for certification was

denied. 205 N.J. 81 (2011).

 Defendant filed a petition for post-conviction relief (PCR)

alleging the same arguments raised on his direct appeal:

ineffective assistance of his trial counsel for failure to

investigate or assert the defenses of insanity and diminished

capacity; trial counsel's failure to raise defendant's

 3 A-5819-13T4
competency to testify; trial counsel's failure to question

defendant as to his right to remain silent or his ability to

testify in his own defense in a competent manner; and even if

defendant was competent to stand trial he was incapable of

making a knowing, intelligent, and voluntarily waiver of the

insanity or diminished capacity defenses.

 After hearing oral argument, the PCR judge ordered an

evidentiary hearing. On April 9, 2014, defendant's first

attorney, Joseph Spagnoli, testified that defendant retained him

shortly after his arrest. After defendant told Spagnoli he was

with his brother in Roselle Park, not in Hillside where the

crime was alleged to have occurred, Spagnoli urged defendant to

assert an alibi defense. After Spagnoli ordered cellphone site

records in hopes of corroborating defendant's alibi, the

cellphone site records indicated defendant's cellphone had been

used near the scene of the crime in Hillside, not in Roselle

Park as defendant had claimed.

 When Spagnoli confronted defendant about the discrepancy in

his story, defendant admitted that he had committed the crime.

Spagnoli then filed a motion to withdraw from the case because

he felt that his rapport with defendant had dissipated.

Spagnoli testified that defendant never told him about his

psychiatric history, his prior psychiatric hospitalizations, or

 4 A-5819-13T4
that he had been seeing a psychiatrist for over a decade prior

to his arrest. Spagnoli testified that, in his opinion, there

was no basis for a diminished capacity defense because defendant

was able to talk with him extensively about the case and was

more than able to aid his own defense.

 Joseph Depa testified that he replaced Spagnoli as trial

counsel. Depa discussed defendant's mental state and his

psychotropic medication regimen, but defendant and his family

described defendant's illness as a "nervous condition" and the

concept of mental illness was never broached. Depa testified

that defendant and his family never told him that defendant

suffered from bipolar disorder, manic depressive disorder, or

schizophrenia. Depa explained that he did not pursue an

insanity defense as it was inconsistent with the alibi defense

which he considered "workable."

 When the PCR judge questioned Depa about defendant's mental

health, he testified that any time defendant's mental health

 came up in relation to the presentation of a
 defense, it was clear neither [defendant] or
 his mother wanted to connect one with the
 other. The medication was for something they
 thought was not significant in terms of the
 charges or the trial for the charges and
 really never got to the point of whether or
 not it would []underpin a defense because []it
 just was not significant, I'd need not worry
 about it, and he had an alibi.

 5 A-5819-13T4
 Joan Heller, defendant's mother, testified defendant was

first institutionalized in 1983 for acting erratically.

Defendant was again institutionalized twice in 1989 and again in

2000 and 2002. She testified she informed Spagnoli and Depa

that defendant suffered from bipolar disorder but both failed to

discuss defenses relating to insanity, diminished capacity, or

incompetency to stand trial.

 On May 12, 2014, the PCR judge entered an order accompanied

by an eighteen-page written decision denying defendant's

petition. The judge found the testimony of Spagnoli and Depa

"extremely credible." By contrast, the judge found Joan

Heller's testimony "extremely incredible" and concluded that she

had an "obvious bias and interest in seeing her son's conviction

vacated."

 The judge found that defendant failed to establish a claim

of ineffective assistance of either trial counsel as he did not

satisfy the first prong of the test set forth in Strickland v.

Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed.

2d 674, 697-98 (1984):

 Petitioner and the members of his family
 insisted that Mr. Depa raise the alibi defense
 and intentionally withheld evidence regarding
 petitioner's mental health history that would
 have given Mr. Spagnoli and/or Mr. Depa reason
 to consider an alternative defense strategy
 at trial. In view of these circumstances, the

 6 A-5819-13T4
 court finds it was reasonable for Mr. Spagnoli
 and Mr. Depa to forego an investigation of
 petitioner's mental health history and its
 potential influence on his culpability in this
 matter.

On appeal, defendant repeats these claims of error:

 POINT I

 THE DENIAL OF THE POST-CONVICTION RELIEF
 APPLICATION SHOULD BE REVERSED AND DEFENDANT'S
 CONVICTIONS VACATED AS DEFENDANT WAS DEPRIVED
 OF HIS SIXTH AMENDMENT AND NEW JERSEY STATE
 CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE
 OF COUNSEL DUE TO HIS TRIAL COUNSEL'S (AND
 FIRST COUNSEL'S) FAILURE TO INVESTIGATE OR
 ASSERT AN INSANITY DEFENSE UNDER N.J.S.A.
 2C:4-1 AND 2.

 JUDGE MEGA'S DECISION DENYING POST-
 CONVICTION RELIEF.

 THE LAW CONCERNING POST-CONVICTION
 RELIEF APPLICATIONS.

 THE LAW REGARDING INEFFECTIVE
 COUNSEL.

 INEFFECTIVENESS REGARDING MENTAL
 DEFICIENCY OR INSANITY DEFENSES.

 POINT II

 THE COURT BELOW ERRED IN DENYING THE PCR
 PETITION AS THE DEFENDANT WAS DEPRIVED OF HIS
 SIXTH AMENDMENT AND NEW JERSEY STATE
 CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE
 OF COUNSEL DUE TO HIS TRIAL COUNSEL'S (AND
 FIRST COUNSEL'S) FAILURE TO INVESTIGATE OR
 ASSERT THE DEFENSE OF DIMINISHED CAPACITY
 (MENTAL DISEASE OR DEFECT) (U.S. CONST. AMEND.
 VI; N.J. CONST. (1947) ART. 1, PAR. 10).

 7 A-5819-13T4
 POINT III

 THE COURT BELOW ERRED IN DENYING THE PCR
 PETITION AS THE DEFENDANT WAS DEPRIVED OF HIS
 SIXTH AMENDMENT AND STATE CONSTITUTIONAL RIGHT
 TO EFFECTIVE COUNSEL AND DUE PROCESS RIGHT TO
 A FAIR TRIAL AS THE DEFENDANT WAS NOT
 COMPETENT TO STAND TRIAL; TRIAL COUNSEL SHOULD
 HAVE RAISED THE ISSUE OF DEFENDANT'S
 COMPETENCY TO TESTIFY (PARTICULARLY SO SOON
 AFTER THE DEATH OF HIS FATHER) AND DUE TO
 MEDICATION THAT THE DEFENDANT WAS TAKING WHEN
 HE TESTIFIED (U.S. CONST. AMEND. VI; N.J.
 CONST. (1947) ART. 1, PAR. 10).

 POINT IV

 THE COURT BELOW ERRED IN DENYING THE PCR
 PETITION AND THE DEFENDANT'S CONVICTIONS MUST
 BE VACATED SINCE DEFENDANT WAS INCOMPETENT TO
 TESTIFY IN HIS OWN BEHALF; THE DEFENDANT WAS
 NEVER QUESTIONED AS TO HIS RIGHT TO REMAIN
 SILENT OR AS TO HIS ABILITY TO TESTIFY IN HIS
 OWN DEFENSE IN A COMPETENT MANNER IN VIOLATION
 OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL.

 POINT V

 THE COURT BELOW ERRED IN DENYING THE PCR
 PETITION AND THE DEFENDANT'S CONVICTIONS MUST
 BE VACATED SINCE, EVEN IF HE IS DEEMED TO HAVE
 BEEN COMPETENT TO STAND TRIAL, HE WAS
 NEVERTHELESS INCAPABLE OF MAKING A KNOWING,
 INTELLIGENT, AND VOLUNTARY WAIVER OF THE
 INSANITY OR DIMINISHED CAPACITY DEFENSES;
 DEFENDANT'S DUE PROCESS AND FAIR TRIAL RIGHTS
 WERE VIOLATED.

 As a preliminary matter, we note that defendant's arguments

raised before the PCR judge were procedurally barred pursuant to

 8 A-5819-13T4
Rule 3:22-5. The Rule provides that "[a] prior adjudication

upon the merits of any ground for relief is conclusive whether

made in the proceedings resulting in the conviction or in any

post-conviction proceeding brought pursuant to this rule or

prior to the adoption thereof, or in any appeal taken from such

proceedings." Ibid. This bar applies when a defendant attempts

to raise arguments that are "'identical or substantially

equivalent' to th[e] issue[s] previously adjudicated on [the]

merits." State v. McQuaid, 147 N.J. 464, 484 (1997) (first

quoting State v. Bontempo, 170 N.J. Super. 220, 234 (Law Div.

1979), then citing Picard v. Connor, 404 U.S. 270, 276-77, 92 S.

Ct. 509, 512-13, 30 L. Ed. 2d 438, 444 (1971)). Here,

defendant's arguments in the PCR petition are "identical or

substantially equivalent" to those we have already adjudicated.

 Defendant argued that he was incompetent to testify on his

own behalf; that he was never questioned as to his ability to

testify in his own defense; and that trial counsel was

ineffective for failing to raise the issue of his competency.

Defendant also argues that he was incapable of making a knowing,

intelligent, and voluntary waiver of the insanity or diminished

capacity defenses.

 In our prior opinion, we concluded that the record "did not

raise a bona fide doubt as to [defendant's] competence." Heller,

 9 A-5819-13T4
supra, slip op. at 14. We also considered defendant's arguments

concerning his capability of "waiving" the defenses of insanity

and diminished capacity, as well as his ability to testify. Id.

at 10-15. After weighing these issues, we concluded that

defendant's arguments lacked merit. Ibid. Because we previously

adjudicated these issues, and because the issues raised in

defendant's appeal are identical to issues he raised on direct

appeal, we conclude that defendant's arguments are procedurally

barred.

 Even if we were to consider the arguments raised here, they

lack sufficient merit to warrant discussion beyond the following

brief comments. R. 2:11-3(e)(2).

 Defendant's primary contention on appeal is that his trial

attorney was ineffective because he failed to take investigatory

steps that would have led him to assert the defenses of insanity

and diminished capacity, or would have led him to assert that

defendant was incompetent to stand trial. After weighing the

credibility of the testifying witnesses, the PCR judge found

that "it was reasonable for Mr. Spagnoli and Mr. Depa to forego

an investigation of petitioner's mental health history and its

potential influence on his culpability in this matter."

 We are satisfied that Spagnoli and Depa took proper

investigatory steps that led them to conclude that defendant

 10 A-5819-13T4
would not benefit from the defenses of insanity and diminished

capacity, and that defendant was competent to testify. The

attorneys met with defendant on several occasions prior to

trial, both privately and with members of his family. From

these meetings, the attorneys concluded that defendant could

assist in his own defense. Although Spagnoli did not ask

defendant about his medication and mental health status,

defendant and his family never informed him of these issues.

Depa did ask defendant about his mental health status and

medication but was rebuffed whenever the line of inquiry arose,

and was told defendant suffered only from a "nervous condition."

 Although Joan Heller testified that she and defendant told

Depa that defendant suffered from bipolar disorder, the court

did not find her testimony credible and instead relied on Depa's

testimony, which was that neither defendant nor his family

informed him of such a condition. We are satisfied that the

judge's conclusion that defendant and his family actively

discouraged Depa's investigation into his mental health status,

and directed him to focus solely on the alibi defense is amply

supported by the record. "[W]hen a defendant has given counsel

reason to believe that pursuing certain investigations would be

fruitless or even harmful, counsel's failure to pursue those

investigations may not later be challenged as unreasonable."

 11 A-5819-13T4
Strickland, supra, 466 U.S. at 691, 104 S. Ct. at 2061, 80 L.

Ed. 2d at 696.

 Affirmed.

 12 A-5819-13T4